UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| KHALIL COLEMAN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2: 23-31-DCR |
| ) | |
| v. ) | |
| ) | |
| ROB SANDER and KENTON COUNTY ) | **MEMORANDUM OPINION** |
| SHERIFF'S DEPARTMENT, ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Khalil Coleman (Coleman) is confined at the Roederer Correctional Complex in LaGrange, Kentucky. He recently filed this civil rights complaint pursuant to 42 U.S.C. § 1983. [Record No. 1][1] Coleman alleges that, on April 26, 2021, he was arrested in Milwaukee, Wisconsin based upon a warrant issued by Rob Sander, the Commonwealth's Attorney for Kenton County, Kentucky. He further indicates that he never received the warrant prior to his arrest because Sander sent it to the wrong address. [Record No. 1 at 4]

Coleman states that he spent eight days in a Milwaukee jail pending extradition before his public defender in Kentucky succeeded in having the warrant quashed. He further states

---

[1] The Court granted Coleman's motion to proceed *in forma pauperis* by separate Order. It now reviews his Complaint prior to service of process. The Court will dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage of the case, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

that, although he was set to be released, two days later he was transported to Kentucky without a valid order for extradition.

Coleman alleges that Charles Korzenborn, the Sheriff for Kenton County, was negligent because he failed to ensure that the extradition papers were in proper form. *See Id*. at 4. Coleman indicates that the Circuit Court of Kenton County, Kentucky, eventually directed his release from custody. He complains, however, that his arrest caused him to miss the birth of his child and "defamed [his] character and work as a educator and national social justice activist." [Record No. 1 at 5] Coleman names as defendants Sander, in his individual and official capacities, and Korzenborn, in his official capacity. *See Id*. at 2. He seeks damages as well as unspecified injunctive relief and a "gag order." [Record No. 1 at 6][2]

Following review, Coleman's Complaint will be dismissed for failure to state a claim. As a threshold matter, it is not clear whether Coleman intends to assert any federal claims rather than claims arising under state law. He does not explicitly identify the nature of his claims in the Complaint. And the phrasing used (i.e., including wrongful arrest, kidnapping, slander, defamation, and negligence) suggests only state law claims. If so, Coleman has not established the Court's subject matter jurisdiction over this matter.

Next, Coleman's allegations do not suggest any viable constitutional claims. He argues that the prosecutor and sheriff were negligent in handling his extradition to Kentucky, but such allegations do not state a claim for violation of Coleman's constitutional rights. *Cf. Massey v.*

---

[2] In April 2022, Coleman was found guilty of First-Degree Robbery and was later sentenced to 10 years imprisonment for that conviction. *Commonwealth v. Coleman*, No. 21-CR-0294-1 (KentonCir.Ct.2021). See https://kcoj.kycourts.net/CourtNet/Search/ CaseAtAGlance?county=059&court=1&division=CI&caseNumber=21-CR-00294-001&caseTypeCode=CR&client_id=0 (accessed April 27, 2023).

*Grant*, 679 F. Supp. 711, 715-16 (W.D. Mich. 1988), *aff'd*, 875 F.2d 865 (6th Cir. 1989) (dismissing due process claims against defendants for their asserted negligence in preparing subsequently quashed warrant).

Next, even if Coleman's allegations were sufficient to state a claim, they would be subject to dismissal on several other grounds. With respect to his individual capacity claims against Commonwealth's Attorney Rob Sander, such claims would be barred by the absolute quasi-judicial immunity afforded to prosecutors performing functions related to that role. *Cf. Carter v. Brinkman*, No. 1:11-CV-408, 2011 WL 3417131, at *3 n.1 (W.D. Mich. Aug. 4, 2011) ("Even were the action cognizable, [prosecutor] Brinkman would be entitled to prosecutorial immunity from damages, as the actions of which Plaintiff complains - the preparation of a warrant and complaint - clearly were part of a prosecutor's traditional functions as an advocate.") (*citing*, *inter alia*, *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997) and *Burns v. Reed*, 500 U.S. 478, 486 (1991)). Such claims, which accrued no later than May 2021, would also be barred by the one-year statute of limitations applicable to civil rights claims arising in Kentucky. *See Bonner v. Perry*, 564 F.3d 424, 431 (6th Cir. 2009).

Coleman's official capacity claims are also subject to dismissal. Unlike individual capacity claims, "official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (*quoting Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n.55 (1978)). Coleman's official capacity claims against Sander, therefore, represent claims against the Commonwealth's Attorney's Office. The Commonwealth's Attorney's Office constitutes an "arm of the state" for Eleventh Amendment purposes. *Joseph v. Office of Perry Cty. Com. Attorney*, No. 6:14-CV-97-KKC, 2014 WL 2742796, at *2 (E.D. Ky. June

16, 2014) ("The Commonwealth's Attorney's office, which is a constitutionally-established office of the state government, is without question an integral extension of the state such that suit against the office may be legitimately classified as brought against the Commonwealth.") (cleaned up). The Eleventh Amendment specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for money damages brought directly against a state, its agencies, and state officials sued in their official capacities. *Brent v. Wayne Co. Dept. of Human Servs.*, 901 F. 3d 656, 681 (6th Cir. 2018); *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993). Such entities are also not suable "persons" within the meaning of 42 U.S.C. § 1983. *Kanuszewski v. Mich. Dept. of Health and Human Servs.*, 927 F. 3d 396, 417 n.11 (6th Cir. 2019); *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 63-67, 71 (1989).

Regarding Kenton County Sheriff Korzenborn, official capacity claims asserted against him constitute claims against Kenton County, Kentucky. *Cady v. Arenac Co.*, 574 F. 3d 334, 342 (6th Cir. 2009); *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008). A county government is only liable under Section 1983 when its employees cause injury by carrying out the county's formal policies or practices. *D'Ambrosio v. Marino*, 747 F. 3d 378, 386 (6th Cir. 2014); *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978). Therefore, a plaintiff must specify in the complaint the county policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Coleman does not allege the existence or substance of such a policy in his complaint.

Accordingly, it is hereby

**ORDERED** that Plaintiff Khalil Coleman's complaint [Record No. 1] is **DISMISSED**, with prejudice.

Dated: April 28, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky